Lincoln ARCENEAUX, Appellant,

v.

ALCOA STEAMSHIP COMPANY, Inc.,
Appellee.

No. 22149.

United States Court of Appeals
Fifth Circuit.

Feb. 17, 1966.

Frank S. Bruno, New Orleans, La., for appellant.

Francis Emmett, New Orleans, La., for appellee.

Before RIVES and GEWIN, Circuit Judges, and ALLGOOD, District Judge.

PER CURIAM:

The judgment is affirmed for reasons well stated in the opinion of the district court.

Affirmed.

W. L. HANCOCK, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21136.

United States Court of Appeals
Fifth Circuit.

Feb. 21, 1966.

Rehearing Denied March 29, 1966.

John O'Shea, Lubbock, Tex., for appellant.

William L. Hughes, Jr., Bill Callaway, Asst. U. S. Attys., Fort Worth, Tex., for appellee.

Before TUTTLE, Chief Judge, and JONES and WATERMAN,* Circuit Judges.

PER CURIAM:

It appearing that no prejudicial errors which were properly saved for our consideration under Rule 51 or under Rule 30 Fed.R.Crim.Proc. are before us on this appeal, the judgment is

Affirmed.

In the Matter of Arbitration between IM-PORT EXPORT STEEL CORPORA-TION and Nimpex International, Inc., Petitioners-Appellees,

v.

MISSISSIPPI VALLEY BARGE LINE COMPANY, Respondent-Appellant.

No. 29616.

United States Court of Appeals
Second Circuit.

Oct. 26, 1965.

Before MOORE, SMITH and HAYS, Circuit Judges.

PER CURIAM.

The petitions for rehearing of Appellant and Appellees are denied.

The conclusion of the court from the record before it that Nimpex was, and Impex was not, the holder of the bills of lading was not essential to the result since, as is pointed out in the opinion, Impex is not one of the Disponent Owners or Charterers, while Nimpex is.

No costs on the appeal to any party.

* Of the Second Circuit, sitting by designation.